United States District Court
Southern District of Texas
**ENTERED**
November 22, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JESSE KENNETH PRATHER, § | |
| SPN # 00994122, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-4304 |
| § | |
| ED GONZALEZ, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Jesse Kenneth Prather is detained in the Harris County Jail. Prather has petitioned for a federal writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1). After reviewing all the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases, the Court will dismiss this case for the reasons explained below.

### I.    BACKGROUND

Prather's petition challenges an "intentional false charge" against him of injury to the elderly, which is pending in the 495th District Court of Harris County, Case No. 1867291 (Dkt. 1, at 1; *see* Record Search, Harris County District Clerk, available at https://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited Nov. 20, 2024) (Case No. 1867291)). Harris County's public online records reflect that Prather has not yet been tried, that he has elected to proceed *pro se*, that the court granted his court-appointed attorney's motion to withdraw on October 18, 2024, and that the case was set for a *Faretta* hearing on November 21, 2024. *Id.; see Faretta v. Calif.*, 422 U.S. 806, 835

(1975) (when a criminal defendant asserts his right to self-representation, the record must show that he knowingly and intelligently waived his right to counsel after being made aware of the dangers and disadvantages of self-representation).

Prather's petition in this Court states that he is factually innocent and, as of the day he signed his petition, had been falsely imprisoned for 149 days. He requests that federal authorities intervene and administer polygraph examinations (Dkt. 1, at 2, 15). He brings claims of (1) factual innocence; (2) illegal imprisonment; (3) and irreparable collateral consequences of his detention in the jail (*id*. at 5-9). Prather does not state that he has filed an application for a writ of habeas corpus in the state courts, and online court records do not reflect any habeas petition related to Case No. 1867291. *See* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/CaseSearch.aspx?coa=cossup=c (last visited Nov. 20, 2024).[1]

Prather executed his federal petition on September 22, 2024, and it was docketed with the Court on November 1, 2024 (Dkt. 1).

## II.    **DISCUSSION**

Prather's petition challenges the pending criminal charge against him. Because he proceeds *pro se*, the Court reviews his filings the "the benefit of liberal construction." *See*

---

[1]    Prather states that he raised his claims in a writ of mandamus, which the First Court of Appeals denied on June 25, 2024. *See In re Prather*, No. 01-24-00438-CR, 2024 WL 3107712 (Tex. App.–Hou. [1st Dist.] June 25, 2024). Public records reflect that he also sought leave to file an original writ of mandamus (WR-31,418-07) in the Court of Criminal Appeals but that, on November 13, 2024, the court denied him leave. *See* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/CaseSearch.aspx?coa=cossup=c (last visited Nov. 20, 2024).

*Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011).

Prather filed his petition under 28 U.S.C. § 2254 to challenge the proceedings in Case No. 1867291. Section 2254 provides a habeas remedy for persons in state custody pursuant to a criminal judgment. Because Prather has not yet been tried in Case No. 1867291 and no judgment against him has been entered, his petition under § 2254 is premature. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998).

The Court construes Prather's petition as a request for relief under 28 U.S.C. § 2241, which permits a federal habeas petition from a pretrial detainee. *See id.*; 28 U.S.C. § 2241(c)(3). A state pretrial detainee may seek a federal writ of habeas corpus under § 2241 only if the following two prerequisites are met: (1) the petitioner must be in custody for purposes of § 2241(c); and (2) the petitioner must have exhausted available state remedies. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 224-25 (5th Cir. 1987). Although the statutory text of § 2241 does not contain an express exhaustion requirement, "courts have grafted an exhaustion requirement onto § 2241[.]" *Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015); *see Dickerson*, 816 F.2d at 225. The exhaustion requirement "protect[s] the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction as well as to limit federal interference in the state adjudicatory process." *Id.*

A claim is properly exhausted when the petitioner has "fairly apprise[d] the highest court of his state of the federal rights which were allegedly violated" and has presented his claims "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir.

1993) (cleaned up). To exhaust remedies in Texas, a petitioner must present his claims to the Texas Court of Criminal Appeals by filing an appeal followed by a petition for discretionary review or by filing an application for a writ of habeas corpus. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). In the pre-conviction context, a Texas prisoner confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. art. 11.08. If the trial court denies habeas relief under article 11.08, the prisoner's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Court of Criminal Appeals. *See*, *e.g.*, *Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981)).

Here, online public records for the Texas appellate courts reflect that Prather has not filed a habeas petition under TEX. CODE CRIM. PROC. art. 11.08 regarding the criminal proceeding in Case No. 1867291. *See* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/CaseSearch.aspx?coa=cossup=c (last visited Nov. 20, 2024). Therefore, the exhaustion requirement is not satisfied. Given that Prather has an upcoming court setting, he does not allege facts supporting a finding that a remedy for his constitutional claims is unavailable from the Texas courts. Additionally, under the doctrine set out in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present. This doctrine, which is alternately called "abstention" or "nonintervention," is based on considerations of

equity, comity, and federalism. *See Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 86 & n. 4 (5th Cir. 1992). Prather does not show that exceptional circumstances are present or that federal court intervention is warranted. Federal habeas relief is not available "to abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Dickerson*, 816 F.2d at 226 (cleaned up).

Because Prather has not exhausted his state remedies and demonstrates no extraordinary circumstance that would warrant this Court's exercise of jurisdiction, his habeas claims will be dismissed.

### III.   CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. Where the petitioner is a prisoner in state custody, this requirement also applies to petitions for relief under 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling

standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484; *see Pierre v. Hooper*, 51 F.4th 135, 137 (5th Cir. 2022) (a certificate of appealability may not issue based solely on a debatable procedural ruling).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION

For the reasons stated above the Court **ORDERS** as follows:

1. The petition for a writ of habeas corpus filed by Jesse Kenneth Prather is **DISMISSED** without prejudice.

2. All pending motions, if any, are **DENIED** as moot.

3. A certificate of appealability is **DENIED**.

The clerk will provide a copy of this order to the petitioner.

SIGNED at Houston, Texas, on _____November 22_____, 2024.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE